[No. B040117. Second Dist., Div. Three. Nov. 9, 1989.]

LOUIS SHARE et al., Plaintiffs and Appellants, v.
CASIANO BEL-AIR HOMEOWNERS ASSOCIATION, Defendant
and Respondent.

## COUNSEL

Rosen, Wachtell & Gilbert, Ron R. Goldie and G. Forsythe Bogeaus for Plaintiffs and Appellants.

Lawler, Felix & Hall, John F. Keating and Barry Sullivan for Defendant and Respondent.

## OPINION

**KLEIN, P. J.**—Plaintiffs and appellants Louis Share, Herbert Weiser, and Marvin D. Uritz (collectively, homeowners) appeal a postjudgment order denying them their litigation attorney's fees from defendant and respondent Casiano Bel-Air Homeowners Association (hereafter Association).

For the reasons discussed below, the order denying attorney's fees is reversed and the matter is remanded for a determination of whether the homeowners were the prevailing party and, if so, the amount of reasonable attorney's fees.

### SUMMARY

The issue presented is whether the homeowners possess a contractual right to recover attorney's fees incurred in a civil contempt proceeding to enforce a judgment against the Association.

The Casiano Estates development's covenants, codes and restrictions (CC&R's) require the Association to maintain the hillsides adjacent to the homeowners' residences. The CC&R's also contain an attorney's fee clause.

In 1986, the parties litigant entered into a consent judgment, wherein the Association agreed to repair and maintain certain slopes.

Two years later, the homeowners instituted a civil contempt proceeding because of the Association's continuing failure to comply. An order pursuant to stipulation followed, wherein the Association again agreed to comply with the CC&R's and to perform a maintenance program for the slopes.

However, the trial court denied the homeowners' motion for attorney's fees on the ground a "finding of contempt must be proved beyond a reason-

able doubt and because there was no such finding, but rather a settlement, there was no prevailing party."

As a consequence, the issue of contempt was never adjudicated and never will be. The essential issue presented on appeal is not the lack of a trial court finding on the contempt matter, but rather, its order denying the homeowners their attorney's fees under the CC&R's.

The ruling was error because the contempt proceeding was merely a vehicle to obtain the Association's compliance with the CC&R's, and a finding the Association was in contempt was not a prerequisite to a determination the homeowners were "the party who recovered a greater relief in the action on the contract." (Civ. Code, § 1717, subd. (b)(1).)[1]

FACTUAL AND PROCEDURAL BACKGROUND

In 1983, the individual homeowners, residents of the Casiano Estates tract and members of the Association, brought suit against the Association for equitable relief and damages. The homeowners sought to enforce certain CC&R's requiring the Association to repair and maintain the hillsides adjacent to their residences.

The Association filed a cross-complaint alleging the homeowners' damages, if any, were caused entirely by the acts or omissions of the developers, who failed in the development documents to specify the Association's duties with respect to the maintenance of the slopes adjacent to and within the subdivision.

The trial court bifurcated the action. Following trial of the equitable portion, on November 12, 1985, the trial court entered a declaratory relief order stating the Association had a duty to the homeowners of Casiano Estates to maintain and repair the slope areas on and adjacent to the tract as set forth in the CC&R's, as referred to in the final subdivision report, and as required by applicable ordinances.

On April 30, 1986, the homeowners, the Association and the developers entered into a release agreement. The next day, the homeowners and the Association entered into a stipulation re settlement. In substance, the Association agreed to repair and maintain certain engineered slopes adjacent to the plaintiffs' residences and to pay the plaintiff homeowners $60,000 in compensation, and the developers agreed to pay the Association $50,000.

---

[1] All subsequent statutory references are to the Civil Code unless otherwise indicated.

The judgment which followed incorporated the terms of the settlement and the trial court retained jurisdiction over its execution. It was entered on May 8, 1986.

On April 13, 1988, the homeowners filed an application for an order to show cause re contempt for the Association's continuing failure to comply with the declaratory relief order and judgment. In addition, on August 24, 1988, the homeowners filed a motion for an order appointing a receiver to take over the operation of the Association to the extent necessary to repair and maintain the subject slopes.

Before the enforcement proceedings were heard, on November 14, 1988, the homeowners and the Association entered into a second settlement, which resulted in a stipulated order. The order required the Association to hire a contractor to comply with the CC&R's and applicable ordinances, and to perform a maintenance program for the engineered slopes.

The stipulated order reserved the issue of the homeowners' right to attorney's fees for the enforcement proceeding for a subsequent hearing. It also provided: "Notwithstanding any provision contained herein, the Association does not admit that it has violated any order or judgment of the court; nor that it is in contempt. *These issues are reserved and are to be heard at a subsequent hearing of the court.*" (Italics added.)

The Association subsequently opposed the homeowners' motion for attorney's fees on the ground no applicable provision supported a fee award. The Association also claimed the homeowners were not seeking the maintenance which was required by the final judgment, but instead were demanding an unsuitable landscaping enhancement of their property.

The homeowners' motion for attorney's fees was heard and denied on December 21, 1988. The minute order stated: "Plaintiff[s] ha[ve] no legal right to pursue attorney['s] fees in the contempt proceeding as they were not the prevailing party and finding of contempt must be proved beyond a reasonable doubt and because there was no such finding, but rather a settlement, there was no prevailing party."[2]

The trial court also concluded attorney's fees were not available under Code of Civil Procedure section 1021.5 because the settlement had not resulted in a " 'substantial benefit' " to all the homeowners or in a "public benefit" to a large class of persons.

---

[2] The December 21, 1988, ruling was inconsistent with the stipulated order of November 14, 1988, to the extent said order expressly reserved the contempt issue.

The homeowners appealed.

CONTENTIONS

The homeowners contend: (1) the failure to proceed to a final decision in the enforcement proceedings on November 14, 1988, is no bar to the claim for attorney's fees; (2) the trial court erred in relying on the fact the Association had not been found in contempt because the purpose of the enforcement proceedings was not to hold the Association in contempt, but to enforce the judgment; and (3) the trial court's discretion is limited where, as here, the right to attorney's fees is clear.

The Association, in turn, argues (1) trial courts cannot award contractual attorney's fees in conjunction with a contempt proceeding; (2) section 1717 does not authorize the award of contractual attorney's fees in a contempt proceeding; and (3) the homeowners cannot bootstrap an attorney's fee clause pertaining to a limited portion of the first settlement agreement to the May 1, 1986, settlement agreement as a whole.

DISCUSSION

1. *Irrespective of scope of attorney's fee clause in release and indemnity agreement, CC&R's authorize award of attorney's fees for enforcement thereof.*

 a. *Attorney's fee clause in incorporated release and indemnity agreement not relied on as contractual authority for fee award.*

The May 8, 1986, judgment incorporated the parties' stipulation re settlement, wherein the Association agreed to repair and maintain certain engineered slopes. The stipulation re settlement, in turn, incorporated a release and indemnity agreement as exhibit "I."

Paragraph 20 of the release agreement (paragraph 20) contains an attorney's fee clause, which states: "In the event any party to this Agreement brings suit to enforce any provision of this Agreement, or is required to defend any action the defense to which is any provision of this Agreement, the unsuccessful party agrees to pay the successful party such court costs and attorneys' fees as the court deems just."

The parties differ on the scope of the attorney's fee clause in paragraph 20.

■■■ The Association contends the release agreement covers issues relating solely to the mutual release and indemnity of the parties, and it does not speak to any issues regarding the performance of maintenance and repair work, which gave rise to the contempt proceeding; therefore paragraph 20 of the release agreement does not authorize an award of attorney's fees for the instant enforcement proceedings. The homeowners, in turn, submit that paragraph 20 applies to all the executory promises contained in the stipulation re settlement.

It is unnecessary to construe the scope of the right to attorney's fees under paragraph 20 or to scrutinize all aspects of the lengthy settlement agreement for authority for a fee award, because, as the homeowners point out, the CC&R's contain a broad attorney's fee clause.

b. *CC&R's provide for attorney's fees for enforcement thereof.*

Article X, section 4 of the CC&R's provides in relevant part: "In *any* legal or equitable *proceeding* for the *enforcement* or to restrain the violation of these restrictions or any provisions hereof, the losing party or parties shall pay the attorney's fees of the prevailing party or parties in such amount as may be fixed by the court in such proceedings. All remedies provided herein or at law or in equity shall be cumulative and not exclusive." (Italics added.)

Accordingly, irrespective of whether paragraph 20 narrowly authorizes attorney's fees solely for the enforcement of the provisions of the release and indemnity agreement, the broad attorney's fee clause in the CC&R's provides for an award of attorney's fees to the prevailing party in *any* proceeding to enforce the CC&R's.

As discussed in the following section, a civil contempt constitutes a proceeding within the contemplation of the operative attorney's fee provision.

2. *Attorney's fees incurred in contempt proceeding to enforce CC&R's recoverable under contractual attorney's fee provision.*

The Association argues that because a contempt proceeding is a special proceeding of a criminal character (*Leonis* v. *Superior Court* (1952) 38 Cal.2d 527, 531 [241 P.2d 253]), it is not an "action on a contract" for purposes of section 1717; therefore, attorney's fees incurred in the enforcement proceeding are not recoverable.

The contention lacks merit because as the homeowners argue, they brought the contempt proceeding to obtain the Association's compliance with its contractual obligations pursuant to the CC&R's as embodied in the judgment, they were successful in their efforts, and the CC&R's provide for attorney's fees to the prevailing party.

■ Civil contempt is a means of enforcing a contractual right as judicially determined in an order or judgment. Code of Civil Procedure section 1209 states: "(a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court: [¶] . . . . [¶] 5. Disobedience of any lawful judgment, order, or process of the court; . . ."

Civil contempts are " 'instituted to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled.' " (*In re Morris* (1924) 194 Cal. 63, 67 [227 P. 914].) Such proceedings are " 'remedial and coercive in their nature, and the parties chiefly in interest in their conduct and prosecution are the individuals whose private rights and remedies they were instituted to protect or enforce.' " (*Ibid.*)

As set forth above, the CC&R's require the Association, inter alia, to maintain the slope areas, and they provide for recovery of attorney's fees which are incurred in any proceeding for the enforcement of the provisions of the CC&R's.

■ Here, the homeowners instituted the contempt proceeding as a means of enforcing the Association's contractual obligations under the CC&R's, as determined by the declaratory relief order and judgment. Because civil contempt is an available remedy to a party seeking enforcement of a valid judgment or order (*In re Morris, supra,* 194 Cal. at p. 67; 8 Witkin, Cal. Procedure (3d ed. 1985) Enforcement of Judgment, § 331 et seq., p. 284), we reject the Association's argument the contempt proceeding was beyond the ambit of the CC&R's attorney's fee provision.

3. *Association's reliance on section 1717, subdivision (b)(2), unavailing.*

■ The Association contends the November 14, 1988, order on the contempt proceeding precludes the homeowners from being the prevailing party for the purpose of recovering attorney's fees. The order provided,

inter alia, that the Association did not admit any violation of a court order or judgment, or that it was in contempt.

Section 1717, subdivision (b), invoked by the Association in support of this contention, is inapposite because it relates to dismissals and no dismissal was had here. The section provides in relevant part: "(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. . . . [¶] (2) *Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.*" (§ 1717, subd. (b).)

Preliminarily, we note the contempt matter was not settled on November 14, 1988, as the language of the order clearly reveals. Rather, the stipulated order pursuant to the parties' settlement reserved that matter, specifically stating: "These issues are reserved and are to be heard at a subsequent hearing of the court."[3]

The Association's argument misconstrues the statute. Section 1717, subdivision (b)(2), provides there is no prevailing party where an action "has been voluntarily dismissed or dismissed pursuant to a settlement of the case[.]" As noted, the November 14, 1988, settlement, wherein the Association agreed to repair and maintain the slopes, did not result in a dismissal of the enforcement proceedings. Rather, the November 14, 1988, settlement resulted in a trial court *order* pursuant to the terms of the stipulated settlement.

Because the November 14, 1988, settlement resulted in a stipulated order, not in a dismissal, section 1717, subdivision (b)(2), is inapplicable and does not bar an award of attorney's fees.

4. *Award of attorney's fees pursuant to contractual provision not barred by limitations on penalty for contempt.*

■ The Association urges the homeowners cannot recover attorney's fees for the enforcement proceeding because compensatory damages may not be awarded in a contempt proceeding.

The Association relies, inter alia, on *H. J. Heinz Co.* v. *Superior Court* (1954) 42 Cal.2d 164 [266 P.2d 5], wherein the trial court in a contempt

---

[3] Code of Civil Procedure section 664.6 provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

proceeding awarded the plaintiff over $375,000 in compensatory damages. The award was to compensate the plaintiff for damages suffered by reason of the defendant's violation of an injunction which enjoined the defendant from building or using generators of the type covered by the plaintiff's patent. (*Id.,* at pp. 168-174.)

The Supreme Court reversed the award of compensatory damages, holding Code of Civil Procedure section 1218 set a monetary $500 limit on the amount of the fine that could be imposed, and imposition of a penalty in excess of the provision in the section was an act beyond the power of the court. (*H. J. Heinz Co., supra,* 42 Cal.2d at p. 174.) *Heinz* further held the enforcement of an order of contempt is not for the vindication of a private right but to preserve the dignity and authority of the court, that no authority existed for the award of compensatory damages in a contempt proceeding, and that the plaintiff's interest could be protected adequately through a civil action for damages. (*Id.,* at pp. 174-175.)

*Heinz* is factually distinguishable because it did not involve a reciprocal contractual right to attorney's fees, and therefore is plainly inapposite.

In *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634 [150 Cal.Rptr. 461, 586 P.2d 942], the trial court declined to impose a penalty for contempt against the plaintiff's counsel in a personal injury suit, but instead directed counsel to pay defendants $700 in attorney's fees. At that time, Code of Civil Procedure section 1218 also limited the monetary penalty for civil contempt to a $500 fine. (*Id.,* at p. 638.)[4]

The Supreme Court reversed the attorney's fee award. It observed the traditional practice in the United States had been for each litigant to bear his or her own attorney's fees, and generally, a court may properly award attorney's fees *only pursuant to an agreement of the parties or some statutory authority.* (*Bauguess, supra,* 22 Cal.3d at p. 634.) *Bauguess* held the $700 award could not stand because "there was no agreement between the parties" to that effect and, absent statutory authority, the trial court erred in awarding attorney's fees as a sanction under its supervisory power. (*Id.,* at pp. 634-637.)[5]

In the instant case, *the attorney's fee provision in the CC&R's supplies the necessary authority for an attorney's fee award.* A fee award pursuant

[4] Code of Civil Procedure section 1218 presently provides in part: "[I]f it be adjudged that he or she is guilty of the contempt, a fine may be imposed on him or her not exceeding one thousand dollars ($1,000), . . ."

[5] *Bauguess* preceded the enactment of the sanctions provision of Code of Civil Procedure section 128.5, which was adopted in direct response to that decision. (*Lesser* v. *Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922, 928 [219 Cal.Rptr. 562].)

thereto would not constitute a penalty or sanction, but rather, would flow from the bargain of the parties. Accordingly, the contempt limitations of Code of Civil Procedure section 1218 do not impair the homeowners' contractual right under the CC&R's to recover attorney's fees for their enforcement efforts.

### a. *Association's remaining arguments unavailing.*

The Association argues an award of attorney's fees for the contempt proceeding would violate its due process rights because elaborate procedural safeguards must be observed before punishment can be imposed. The argument lacks merit. As indicated, an attorney fee award to the homeowners would be contractual and not punitive. Moreover, a finding of contempt is not a prerequisite to making such an award, which requires only a finding the homeowners prevailed in a proceeding to enforce the CC&R's.

The Association also submits that because orders made in cases of contempt are final and conclusive (Code Civ. Proc., § 1222), a penalty of attorney's fees cannot now be imposed. This argument similarly fails. To reiterate, an award of attorney's fees to the homeowners would not constitute a penalty. Further, the issue of contempt was reserved, was never adjudicated, and will not be litigated. The issue at this juncture is not the trial court's disposition of the contempt matter, but rather, its order denying attorney's fees on the ground the homeowners were not the prevailing party.

### 5. *Remand necessary to determine issues of prevailing party and amount of attorney's fees.*

As indicated, the trial court denied the homeowners' motion for attorney's fees on the ground that because the matter had been settled, the Association's contempt had not been established beyond a reasonable doubt. The trial court's reasoning misses the mark.

Section 1717, subdivision (b)(1), defines the party prevailing on the contract as "the party who recovered a greater relief in the action on the contract." The statute also gives the trial court discretion to find neither party prevailed for purposes of recovering attorney's fees. (§ 1717, subd. (b)(1).)

As indicated, the homeowners instituted the contempt and receivership proceedings merely as a vehicle to enforce the Association's obligations

under the CC&R's. ▪ In view of the statutory definition of prevailing party, a finding of contempt is not a condition precedent to the homeowners being deemed a prevailing party within the meaning of section 1717. The lack of a finding the Association was in contempt did not require the trial court to find, as a matter of law, that neither party prevailed.

On remand, the trial court is directed to determine whether the homeowners were "the party who recovered a greater relief in the action on the contract." (§ 1717, subd. (b)(1).) Factors to be considered in making that finding include the extent of the relief sought by the homeowners with respect to the enforcement of the CC&R's, and the extent to which their efforts were successful.

### DISPOSITION

The order is reversed and the matter remanded for a determination of whether the homeowners were the prevailing party and, if so, the amount of reasonable attorney's fees.

The homeowners to recover costs on appeal.

Danielson, J., and Arabian, J., concurred.