8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,
v.
INA INSURANCE COMPANY, LTD., aka American Emerald Insurance
Company, Defendant-Appellant.
 No. 92-15992.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before: BOOCHEVER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 INA Insurance Company, Ltd., aka American Emerald Insurance Company ("American Emerald"), appeals the district court's award of $30,000 in attorneys' fees to Insurance Company of North America ("INA"). We affirm.
 
 
 3
 American Emerald first claims that the district judge erred in awarding attorneys' fees to INA because INA was not the "prevailing party." INA brought an ex parte contempt proceeding against American Emerald. The district judge exercised her equitable powers to convert the contempt motion into a motion to modify and strengthen the consent injunction between the parties. In her Amended Judgment and Permanent Injunction of May 5, 1992, the judge stated that INA was the "prevailing party" on the motion. The judge reiterated her conclusion in a Memorandum and Order filed September 16, 1992, explaining that the changes in the injunction established that INA had prevailed, and adding that it was not necessary to find American Emerald in contempt to deem INA the prevailing party.
 
 
 4
 We generally review attorneys' fee awards for an abuse of discretion. Drucker v. O'Brien's Moving & Storage, Inc., 963 F.2d 1171, 1173 (9th Cir.1992). Whether the trial court applied the correct legal standard to the award of attorneys' fees is a question of law reviewed de novo. U.S. ex rel. Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir.1989), cert. denied, 493 U.S. 1094 (1990). The attorneys' fees were awarded pursuant to paragraph 7.3 of the Settlement Agreement between the parties, which provides that in the event suit is brought to enforce the consent injunction, the prevailing party will be entitled to attorneys' fees and costs. We apply state law to the interpretation of this contractual provision. Id. Under Cal.Civ.Code § 1717, a finding that the defendant is in contempt is not necessary for a plaintiff to be entitled to attorneys' fees as a prevailing party. See Share v. Casiano Bel-Air Homeowners Ass'n, 263 Cal.Rptr. 753, 760 (1989). The prevailing party is the party who recovers the greater relief in the action. Id.
 
 
 5
 The district judge correctly applied state law. Because most of the modifications to the injunction favored INA, it was reasonable to find that INA recovered greater relief in the action. The district judge did not abuse her discretion in deeming INA to be the prevailing party entitled to attorneys' fees under the settlement agreement.
 
 
 6
 Although we affirm the district court's award of attorneys' fees, we note that INA apparently made no effort to meet and confer with American Emerald and gave it no notice before initiating the contempt proceedings. An informal attempt to reconcile the parties' differences over compliance with the consent injunction might have resulted in a more efficient and less expensive resolution.
 
 
 7
 American Emerald also argues that the district judge abused her discretion in awarding the attorneys' fees without applying the standards in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir.1975) cert. denied, 425 U.S. 951 (1976). The Kerr factors apply to setting the amount of attorneys' fees. Because American Emerald does not claim that the fee amount was excessive, a remand for explicit consideration of the Kerr factors is unnecessary and might result in additional attorneys' fees being needlessly incurred. We decline to remand the case for that empty exercise.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3