Filed 4/12/21  Wash v. Wash CA5

IN THE

# COURT OF APPEAL OF THE STATE OF CALIFORNIA

IN AND FOR THE

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARIA WASH,<br><br>  Plaintiff, Cross-defendant and<br>  Respondent,<br><br>  v.<br><br>JOHN WASH,<br><br>  Defendant, Cross-complainant and<br>  Appellant. | F077486<br><br>(Super. Ct. No. 09CECG00933)<br><br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[NO CHANGE IN JUDGMENT] |

**THE COURT:**

It is ordered that the opinion filed herein on March 11, 2021, be modified as follows:

1.      On page 5, the last sentence of the second to last paragraph beginning "Under John's interpretation" is deleted and replaced with the following sentence:

> This contention is flawed on multiple grounds.

2.      On page 7, insert the following paragraphs after the first paragraph beginning "We conclude the term" and immediately before the heading "II.  PREVAILING PARTY":

> Third, the suit has proceeded to judgment for purposes of the statutory phrase "whether or not the suit proceeds to final judgment." (§ 1717, subd. (b)(1).)  The judgment was entered by the trial court in February 2015 and was the subject of the appeal in case No. F071135.  As a result, the determination of the prevailing party must be in accordance with

section 1717, subdivision (b)(1) and the terms of the parties' contract. We note the February 2015 judgment and the attorney fees provision in the last paragraph of the settlement agreement were the basis for the original determination that Maria was the prevailing party entitled to $2,460 in attorney fees. The same judgment and same contractual provision are the basis for the award of fees Maria incurred on appeal to defend that judgment from reversal.

To summarize how section 1717, subdivision (b) applies to the trial court's prevailing party determination, paragraph (1) controls because the suit proceeded to a final judgment (even though a final judgment is not essential to the application of paragraph (1)). In comparison, paragraph (2) of the subdivision has no application because there was no dismissal, either voluntary or pursuant to a settlement. Therefore, we next consider whether the trial court erred in making its prevailing party determination—that is, in applying section 1717, subdivision (b)(1) to the facts of this case.

There is no change in the judgment.

Appellant's petition for rehearing filed on March 26, 2021, is hereby denied.

FRANSON, Acting P.J.

WE CONCUR:

MEEHAN, J.

DeSANTOS, J.

2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARIA WASH, | F077486 |
| Plaintiff, Cross-defendant and Respondent, | (Super. Ct. No. 09CECG00933) |
| v. | |
| JOHN WASH, | **OPINION** |
| Defendant, Cross-complainant and Appellant. | |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Fresno County.  Mark W. Snauffer, Judge.

John Wash, in pro. per., for Defendant, Cross-complainant and Appellant.

Daniel L. Harralson Law Office and Daniel L. Harralson for Plaintiff, Cross-defendant and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P.J., Meehan, J. and DeSantos, J.

In an earlier appeal, this court affirmed a judgment enforcing the terms of a settlement agreement. (*Maria Wash v. John Wash* (Sep. 12, 2017, F071135) [nonpub. opn.].) The settlement agreement included an attorney fees provision and, after remittitur in case No. F071135, respondent Maria Wash filed a motion for attorney fees incurred in the appeal. The trial court determined Maria was the prevailing party for purposes of Civil Code section 1717, subdivision (b)(1)[1] and awarded her attorney fees in the amount of $9,321.

Defendant John Wash filed this appeal, contending the trial court erred in determining Maria was the prevailing party. He argues this court should remand and direct the trial court to declare him to be the prevailing party or declare that no party prevailed in the appeal. As described below, we conclude the trial court committed no legal error and did not otherwise abuse its discretion in determining Maria was the prevailing party.

We therefore affirm the order awarding attorney fees to Maria.

**FACTS AND PROCEEDINGS**

Much of the factual and procedural history of this litigation and the settlement was set forth in our opinion in case No. F071135. Most of that history need not be repeated in this unpublished decision.

The parties' four-page settlement agreement was entered on August 24, 2010. A dispute arose about how to apply the settlement agreement's terms. In January 2015, Maria sought a court order enforcing the settlement. John's opposition asserted numerous grounds for denying the request, including that the agreement was unenforceable, was impossible to perform, was missing material terms, and was uncertain.

---

[1] Unlabeled statutory references are to the Civil Code.

2

The trial court granted Maria's motion to enforce the settlement agreement after determining it was valid and enforceable. The court referred to its authority under Code of Civil Procedure section 664.6, found the written agreement had been signed by the parties and their attorneys, determined the agreement contained all of the material terms of the parties' agreement, and concluded the agreement was valid and enforceable.

In February 2015, the trial court entered a judgment to implement its order granting the motion to enforce the settlement. The judgment stated Maria shall have judgment against John "pursuant to the terms set out in the written settlement agreement dated August 24, 2010, a copy of which is Attached hereto as Exhibit 'A' and incorporated herein by reference." The judgment awarded Maria attorney fees of $2,460. John appealed.

In case No. F071135, this court affirmed the trial court's judgment without modification. In accordance with California Rules of Court, rule 8.278(a)(2), we determined Maria had prevailed on appeal and was entitled to recover her costs on appeal. In December 2017, remittitur was issued, and the cause was returned to the trial court.

In January 2018, Maria filed a memorandum of costs, claiming costs on appeal totaling $189.98. Maria also filed a motion to determine the prevailing party on contract and to fix the amount of attorney fees awardable as a cost item, along with a declaration from her attorney. The motion relied on the last paragraph of the settlement agreement, which states: "If either party is required to commence any proceeding or legal action or enforce or interpret any term, covenant or condition of this Settlement Agreement, the prevailing party [in] such proceeding or action shall be entitled to recover from the other party its reasonable attorney's fees and legal expenses." Maria argued she was the prevailing party on the appeal and, therefore entitled to recover her fees under the terms of the agreement. Applying the lodestar method for determining the amount of fees, she

3

requested $18,216.98 for attorney fees incurred in the appeal plus an additional $2,100 for preparation and argument of her fees motion.

In February 2018, John filed his opposition papers. John noted the appellate opinion affirmed the trial court's judgment without modification and contended "the appellate court determined that contrary to the language of the judgment and by the incorporation of the settlement as attached to the judgment, both parties have a post-judgment right to request an order to enforce the terms against the other if one party fails to perform [citation]. This opinion interpretation and finding is substantially in favor of John Wash." In addition, John raised an issue of statutory construction, arguing section 1717, subdivision (b)(2) prohibited the trial court from determining prevailing party status. As to the amount awarded, John argued Maria's counsel had grossly overstated the hours incurred.

Maria filed reply papers that included another declaration from her attorney. Two days before the hearing, John filed objections to Maria's reply. Among other things, John contended the trial court was required to immediately issue an order directing the clerk of the trial court to delete Maria's attorney as the attorney of record for his deceased brother, the Wash and Wash general partnership, and Maria.

The trial court issued a tentative ruling and John requested argument. On March 7, 2018, the trial court held a hearing on the motion for attorney fees. John appeared in court and represented himself. Maria was represented at the hearing by her attorney. After hearing argument, the court took the matter under advisement. Later that day, the court issued its order. The court determined Maria was the prevailing party, granted her motion, and fixed the amount of attorney fees at $9,321, which included the fees incurred in bringing the motion.

In April 2018, John filed a timely appeal.  In December 2019, John filed his appellant's opening brief.  In July 2020, Maria filed a respondent's brief.  John filed his appellant's reply brief on October 26, 2020.

## DISCUSSION

### I.    INTERPRETATION OF SECTION 1717

We begin by considering John's contention that, because the case was settled, section 1717, subdivision (b)(2) precluded the trial court from making a prevailing party determination.  This contention presents a question of statutory interpretation, which is a question of law subject to independent (i.e., de novo) review on appeal.  Subdivision (b) of section 1717 provides in part:

> "(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment.  Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

> "(2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

Under John's interpretation of subdivision (b)(2) of section 1717, Maria is statutorily barred from recovering attorney fees because the parties entered into a settlement of claims on August 24, 2010.  This contention is flawed on at least two grounds.

First, it ignores the wording of the statute.  The text specifically refers to an action that has been "voluntarily dismissed" or, alternatively, "dismissed pursuant to a settlement of the case."  (§ 1717, subd. (b)(2).)  John has not provided any citation to the record showing either type of dismissal was entered in this case.  (See *Share v. Casiano Bel-Air Homeowners Ass'n.* (1989) 215 Cal.App.3d 515, 524 [§ 1717, subd. (b)(2) was

5

inapplicable and, thus, did not bar an award of attorney fees where settlement resulted in a stipulated order, not a dismissal].) Furthermore, our independent examination of the register of actions included in the clerk's transcript did not locate a dismissal. Dismissal is mentioned in an entry for a February 3, 2012 minute order, which states: "Case is continued due to pending issues with funding for the escrow. Once issues are resolved dismissal is to be filed and case can come off calendar." We located no subsequent entry showing the escrow issues had been resolved or the case had been dismissed. Based on these facts, it appears John interprets the statutory language to mean the parties' formation of a settlement agreement equates to the action being "voluntarily dismissed or dismissed pursuant to a settlement of the case." We reject that interpretation as contrary to the plain meaning of the term "dismissed."

Second, even if the action had been dismissed and the trial court relinquished subject matter and personal jurisdiction over the parties, the trial court's jurisdiction was revived when Maria filed her motion to enforce the settlement agreement. The trial court's jurisdiction was described in the last paragraph of our opinion in case No. F071135, which stated:

> "The enforcement of particular provisions of a settlement agreement is addressed in the last sentence of [Code of Civil Procedure] section 664.6, which provides: 'If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.' Here, we disagree with John's assertion that the parties made no such request. The settlement agreement itself, which was incorporated into the judgment, contained a provision describing the enforcement of the settlement agreement and the award of attorney fees to the party who prevails in any proceeding to enforce any term. Although the judgment and attached settlement agreement do not use the phrase 'retain jurisdiction,' we interpret the judgment and its attachment to mean the parties have requested the court to retain jurisdiction over them for purposes of enforcing the settlement agreement until its terms have been performed in full. It follows that, if a party refuses to perform an obligation under the settlement agreement after the judgment has become final, then the other party may come before the superior court and obtain an order

6

enforcing that obligation. Consequently, we conclude John's arguments about purported deficiencies in the judgment do not identify reversible error. The trial court has the authority to enforce the terms of the agreement in subsequent proceedings."

We conclude the term "dismissed," which appears twice in section 1717, subdivision (b)(2), refers to an action that is currently dismissed and has no judicial proceedings occurring in it. Stated from the opposite perspective, an action is no longer "dismissed" when proceedings before the court have recommenced, such as a proceeding to enforce a settlement agreement. In other words, an action cannot be characterized as "dismissed pursuant to a settlement of the case" when the parties are back in court arguing over the meaning or application of their settlement. John's contrary statutory interpretation creates a legal barrier that thwarts the intention of parties who include an attorney fees provision in their settlement agreement with the expectation that the party who prevails in a proceeding to enforce the agreement will not be out of pocket for the attorney fees incurred in the enforcement proceeding. Such a barrier would undermine settlements, rather than promoting them as a method of finally resolving civil disputes.

II.    PREVAILING PARTY

Prevailing party status is determined by which party "recovered a greater relief in the action on the contract." (§ 1717, subd. (b)(1).) For purposes of this appeal, we will assume without deciding that the analysis of the relief obtained should be limited to the appeal itself. This assumption is favorable to John as it adopts the interpretation of the agreement and statute he has asserted.

In deciding who, if anyone, is the prevailing party, courts must "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Hsu v Abbara* (1995) 9 Cal.4th 863, 876.) In other

words, courts make a comparison of the extent to which each party succeeded or failed in its contentions. (*Ibid*.)

In our opinion in case No. F071135, we stated John had raised four issues challenging the trial court's decision to enforce the settlement agreement pursuant to Code of Civil Procedure section 664.6.

*Issue One*: "The first issue listed by John is whether the settlement agreement 'is void, incomplete and/or unenforceable absent the required "mutual release" of all known claims and … a waiver of Civ. Code §1542 of unknown claims.' " John lost this issue.

*Issue Two*: "Second, John contends the settlement terms are vague, ambiguous and there was no meeting of the minds on all material terms." John lost this issue. We concluded "the trial court did not err in determining the settlement agreement was enforceable as to the partition of the 100 acres and the agreement was sufficiently certain as to the boundaries of the parcel each side was to receive." We also stated: "John's assertions about his subjective understanding, even if treated as credible, do not provide relevant evidence contradicting this interpretation and application of the provisions describing the parcel John was to receive." On a procedural issue, we concluded "John has not shown he complied with [California Rules of Court,] rule [3.1306(b)] and, therefore, has not shown the trial court abused its discretionary authority regarding the presentation of oral testimony at a motion hearing."

*Issue Three*: "Third, John asks 'whether the mediator acting as binding arbitrator can determine any statement's language for a mutual release of all claims known and unknown prepared by the former attorneys (Browns and Logoluso) in part, because the parties did not have knowledge of the language of Civ. Code §1542 provisions and their rights under the statute prior to signing in 2010.' " This issue is related to the first and John lost it too.

8

*Issue Four*:  "Fourth, John contends the trial court lacked authority under [Code of Civil Procedure] section 664.6 to issue a judgment that failed to state all the terms of the settlement yet to be performed and the party who was to perform each such term."  John lost this issue.  We rejected John's view of the authority granted by Code of Civil Procedure section 664.6 and concluded "John's arguments about purported deficiencies in the judgment do not identify reversible error."

Next, we consider the arguments raised in the respondent's brief Maria filed in the prior appeal.  That brief contended "1) there is substantial evidence which supports the trial court's findings for granting the motion to enforce settlement and awarding attorney's fees; and 2) the Court correctly applied the statute when it issued its order granting the motion to enforce settlement."[2]  The respondent's brief requested that we affirm the trial court's decision, which we did.

The foregoing comparison of what each party attempted to achieve in the appeal demonstrates John's lack of success in that appeal and Maria obtaining exactly what she requested—namely, an affirmance.  Consequently, the foregoing provides abundant support for the determination that Maria was the prevailing party for purposes of the attorney fees provision and section 1717, subdivision (b)(1).

Lastly, we address John's contention that his appeal resulted in an opinion that protected his rights under the settlement agreement and Code of Civil Procedure section 664.6.  Specifically, John asserts Maria and her attorney prepared a one-sided judgment against his objection and "intended to deny and/or defraud [him] from having any benefit of the agreement, and to force terms on him without the due process intended by the parties in the CCP §664.6 whatever terms plaintiff Maria wanted to comply with, how, and when."  John contends the "judgment provided that only plaintiff (respondent)

---

[2]    On our own motion, we take judicial notice of the appellate record in the prior appeal in case No. F071135.  (Evid. Code, §§ 452, subd. (d), 459.)

9

in contradiction of the omitted term for post-judgment enforcement by either party pursuant to CCP §664.6." (*Sic.*)

We recognize our prior opinion stated that (1) the trial court retained jurisdiction over the parties for purposes of enforcing the settlement agreement until its terms have been fully performed and (2) either party could come before the trial court and obtain an order enforcing an obligation in the settlement agreement if the other party refused to perform that obligation. In our view, that statement was far from profound and changed nothing. It simply described the procedure for handling future disputes should they arise. Accordingly, our opinion and the statements it contained did not change (1) the terms of the settlement, (2) the terms of the judgment enforcing that settlement, or (3) the rules of law for enforcing a judgment. In short, it provided John with nothing that he did not already have. Therefore, we reject John's view that he prevailed in the appeal.

## DISPOSITION

The order awarding attorney fees is affirmed. Respondent shall recover her costs on appeal.

10