Filed 2/23/26  Wash v. Wash CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARIA WASH,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>    v.<br><br>JOHN WASH,<br><br>    Defendant, Cross-complainant and Appellant. | F084442, F084443<br><br>(Super. Ct. No. 09CECG00933)<br><br>**OPINION** |

-ooOoo-

APPEAL from orders of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

John Wash, in pro. per., for Defendant, Cross-complainant and Appellant.

Law Office of Daniel L. Harralson and Daniel L. Harralson for Plaintiff, Cross-defendant and Respondent.

-ooOoo-

This lawsuit began over 16 years ago and has generated six appeals.  Here, appellant John Wash challenges two postjudgment orders.  The first order awarded Maria

Wash $6,950 for the attorney fees she incurred in an earlier appeal where John unsuccessfully challenged an attorney fees award of $9,321. The second order denied his motion regarding satisfaction of those awards and a third attorney fees award of $2,460. As described below, the trial court properly awarded $6,950 in attorney fees pursuant to the attorney fees provision contained in the parties' 2010 settlement agreement. The court correctly resolved a question of law when it determined the contractual attorney fees provision was governed by Civil Code section 1717[1] even though the provision, along with the rest of the settlement agreement, had been incorporated into a judgment entered in 2015. In addition, the trial court did not commit reversible error in denying John's motion regarding satisfaction of the attorney fee awards because of unresolved issues regarding his claim to a setoff.

We therefore affirm the postjudgment orders.

## FACTS AND PROCEDURAL HISTORY

In 2009, Maria and her husband Thomas Wash filed this lawsuit against John to dissolve a partnership and partition 40 acres of land held by the partnership. Since then, this lawsuit has resulted in John filing three writ petitions with this court:

- *Wash v. Superior Court* (F070440) (den. Dec. 5, 2014)
- *Wash v. Superior Court* (F082085) (den. Mar. 18, 2021)
- *Wash v. Superior Court* (Feb. 3, 2025, F086934) (nonpub. opn.)

and six appeals:

- *Wash et al. v. Wash* (F070262) (dism. Dec. 15, 2014)
- *Wash v. Wash* (Sept. 12, 2017, F071135) (nonpub. opn.) (case No. F071135)
- *Wash v. Wash*, (Mar. 11, 2021, F077486) (nonpub. opn.) (case No. F077486)
- *Wash v. Wash* (July 24, 2023, F080399) (nonpub. opn.) (case No. F080399)

---

[1] Undesignated statutory references are to the Civil Code.

- *Wash v. Wash* (F084442, F084443, apps. pending) (cases Nos. F084442, F084443)

The facts and procedural history of this lawsuit are well known by the parties and are described in other opinions of this court. Therefore, we do not set forth a full history here. The following summarizes the relevant proceedings that occurred before the filing of the motions at issue in this appeal.

### *The Judgment and First Appeal*

On August 24, 2010, the parties signed a settlement agreement. In January 2015, Maria sought a court order enforcing the settlement. Pursuant to the authority granted by Code of Civil Procedure section 664.6, the trial court granted Maria's motion. On February 13, 2015, the court entered a judgment to implement its order granting Maria's motion. It stated Maria shall have judgment against John "pursuant to the terms set out in the written settlement agreement dated August 24, 2010, a copy of which is Attached hereto as Exhibit 'A' and incorporated herein by reference." The judgment also awarded Maria attorney fees of $2,460.

John appealed. In 2017, our opinion in case No. F071135 affirmed the February 2015 judgment without modification and determined Maria, as the prevailing respondent, was entitled to recover her costs on appeal.

### *Award of Attorney Fees Incurred on Appeal*

After remittitur, Maria sought to recover the costs and attorney fees she incurred in the appeal. In March 2018, the trial court issued an order determining Maria was the prevailing party, granting her motion, and fixing the amount of reasonable attorney fees incurred in the appeal at $9,321.

John appealed. In March 2021, our opinion in case No. F077486 affirmed the order awarding attorney fees and stated Maria was entitled to recover her costs on appeal. In June 2021, the remittitur was issued.

3.

## Maria's Third Request for Attorney Fees

In August 2021, Maria filed a motion to determine the prevailing party in the second appeal (i.e., case No. F077486) and to fix the amount of attorney fees awardable as an item of cost. Simultaneously, Maria filed a memorandum of costs using an optional Judicial Council form MC-010, requesting her respondent's appearance fee of $390.

John filed a combination motion for an order to strike or tax and opposition to Maria's motion. He also filed a request for judicial notice of supporting documents. John argued the 67.7 hours claimed were grossly inflated and requested an order striking the entire amount of the attorney fees request. He also argued the trial court was not authorized under section 1717 to grant Maria's motion for attorney fees allegedly expended in the appeal.

The trial court issued a tentative ruling (1) to grant Maria's motion to determine the prevailing party in the appeal and to fix the amount of attorney fees awarded to her and (2) to deny John's motion to strike the entirety of Maria's motion. The tentative ruling stated the court's intent to award $6,950 in attorney fees, which was less than requested, and to order John to pay the attorney fees awarded to Maria "within 30 days of the date of service of this order."[2] The court's March 30, 2022 minute order stated no oral argument was requested and adopted the tentative ruling as the order of the court. This order is challenged in these consolidated appeals.

## Motion for Satisfaction of Judgment

On May 4, 2022, John filed a motion to determine satisfaction of the money judgments in full or in part or, alternatively, to stay enforcement of the money judgments

---

[2] One way to interpret this aspect of the order is that the court gave John a 30-day grace period that delayed Maria from taking action to collect the fee award. Had the order been silent on the question of a payment period, the fee award would have been immediately enforceable.

4.

pending this court's decision in case No. F080399. John used the term "money judgments" to refer to the three awards of attorney fees. Maria opposed the motion, asserting (1) the attorney fee awards had not been paid; (2) there was no authority supporting John's theory of offsetting those awards with monies allegedly due and owing John; and (3) there was no basis for an order under Code of Civil Procedure section 724.50 directing the clerk of court to enter satisfaction of the awards. John filed a reply, and the trial court held a hearing on May 26, 2022. The parties presented oral argument, and the court adopted its tentative ruling to deny both the motion and the request to stay enforcement of the money judgments pending the outcome of the appeal in case No. F080399.

## *Appeals*

On May 31, 2022, John filed a notice of appeal from the March 30, 2022 attorney fees order and a separate notice of appeal from the May 26, 2022 order. The appeals from these orders are the subject of this opinion. In June 2023, we consolidated the appeals.

## **Case No. F080399**

Case No. F080399 was another appeal generated by this 2009 lawsuit and it was pending when John filed these consolidated appeals in May 2022. Our July 2023 opinion in case No. F080399 partially affirmed and partially reversed the December 2019 order challenged by John. We remanded for further proceedings and directed the trial court to (1) issue an amended order that requires a driveway easement to be recorded when the lot line adjustment implementing the partition of the 100 acres is filed and (2) determine anew which party is entitled to recover attorney fees and legal expenses in accordance with the terms of the judgment.

John filed a petition for review with the California Supreme Court. The petition for review was denied, and this court issued the remittitur on October 12, 2023. As a

result, our decision in case No. F080399 became final before the appellate briefing was filed in these consolidated appeals.

### *Proceedings in This Court*

In these consolidated appeals, John filed his appellant's opening brief in August 2024. In February 2025, Maria filed a respondent's brief. In July 2025, John filed a motion for order determining jurisdiction on appeal, arguing that if this court determined it had been divested of fundamental jurisdiction, then it must grant the motion, order the appeal dismissed without cost or attorney fees to any party, and remand to the superior court to reverse or vacate the orders appealed from. This court's July 15, 2025 order granted the motion to the limited extent it requested a determination of our jurisdiction in this appeal, determined we had jurisdiction over the challenged postjudgment orders, and denied the motion to dismiss the appeal for lack of appellate jurisdiction.

John filed a motion for reconsideration of the July 15, 2025 order. Three days later, we issued an order deferring a ruling on the motion for reconsideration until the merits of the appeal were considered. On August 11, 2025, John filed his appellant's reply brief. The same day, Maria filed an opposition to John's motion for reconsideration.

## DISCUSSION

### I. MOTION FOR RECONSIDERATION—JOHN'S JURISDICTIONAL ARGUMENTS

John argued in his motion to determine jurisdiction that 10 years had passed since the entry of the February 13, 2015 judgment and, because the judgment had not been

renewed, it expired by operation of law under Code of Civil Procedure sections 683.020 and 683.130. Code of Civil Procedure section 683.020 provides in full:

> "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property: [¶] (a) The judgment may not be enforced. [¶] (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease. [¶] (c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished."

An exception to this provision allows a judgment to be renewed "before the expiration of the 10-year period of enforceability provided by [Code of Civil Procedure s]ection 683.020" by the filing of a renewal application. (Code Civ. Proc., § 683.130, subd. (a).) An application may be made using the optional Judicial Council form EJ-190. Renewal is an automatic, ministerial act accomplished by the clerk of court. (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 165.)

The jurisdictional argument made in John's motion had three steps. First, he argued the expiration of the 10-year period meant the judgment was void. Second, he argued that because the judgment was void, this court lacked "fundamental jurisdiction, meaning it has no authority over the subject matter or the parties, or it lacks any power to hear or determine the case." Third, because this court had been divested of its subject matter jurisdiction, he argued this court is required to (1) order these consolidated appeals terminated and (2) instruct the trial court to vacate the postjudgment orders challenged by John's appeals.[3]

---

[3]     John's jurisdictional arguments were novel in the sense that no statutory provision states, and no reported decision has held, that the expiration of the 10-year renewal period (1) renders the underlying judgment void or (2) causes appellate courts to lose jurisdiction over a postjudgment order entered *before* the 10-year period expired. Furthermore, John's argument does not fit the relief requested. If we lack jurisdiction, the proper outcome is dismissal of the appeal (*Pacific Fertility Cases* (2022) 78 Cal.App.5th 568, 576) and we would not have the power or authority to enter an order

7.

Our July 15, 2025 order denying John's motion explicitly determined that "this court has jurisdiction over the postjudgment orders challenged by … John … in his consolidated appeal." The order stated the motion confused the concept of unenforceability under the provisions of California's Enforcement of Judgments Law (Code Civ. Proc., § 680.010 et seq.) with the concept of voidness and rejected John's argument that the failure to renew a judgment within the 10-year renewal period renders the judgment "void." As a second ground for rejecting the motion, the order stated, "[T]he postjudgment orders are separate 'judgments' for purposes of the Enforcement of Judgments Law. (Code Civ. Proc., § 680.230 [judgment includes an 'order … entered in a court of this state'].) The 10-year period for enforcing those orders has not expired and the status of the now final February 2015 judgment does not impact their enforceability." In short, when the orders challenged in this appeal were filed in 2022, less than 10 years had passed since the entry of the 2015 judgment. The separate 10-year period applicable to those postjudgment orders will not expire until 2032.

John's motion for reconsideration was not based on any ground listed in Code of Civil Procedure section 1008 for motions to reconsider. Rather, John reargued the merits of his motion, contending this court abused its discretion when it determined it had jurisdiction over the postjudgment orders. John's motion for reconsideration is denied because it does not comply with Code of Civil Procedure section 1008. As a result, this court's earlier determination that it has jurisdiction over the postjudgment orders stands.[4]

vacating the challenged orders, which is the equivalent of deciding the appeals in John's favor.

[4] Lastly, we note John's motion for reconsideration misinterprets the July 15, 2025 order. Describing that misinterpretation is not necessary because this opinion states the two grounds for denying his jurisdictional claim and the ground for denying the motion for reconsideration. (See Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"]; *People v. Garcia* (2002) 97 Cal.App.4th 847, 853 [appellate court is not required to address all of the parties' respective arguments, discuss

## II.     ATTORNEY FEES AWARD AND SECTION 1717

### A.     Basic Legal Principles

California follows the "American" rule that each party to a lawsuit ordinarily pays his or her own attorney fees. (*Wash v. Banda-Wash* (2025) 108 Cal.App.5th 561, 567.) A party is allowed to recover his or her attorney fees if "specifically provided for by statute" or the parties have agreed upon "the measure and mode of compensation of attorneys." (Code Civ. Proc., § 1021.)

Here, the relevant statute is section 1717, subdivision (a), which provides in part: "In any action *on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Italics added.) Under section 1717, subdivision (b)(1), the prevailing party in a contract action is the party who obtains "greater relief" on the contract, and in instances of mixed results, the court has discretion to find no party prevailed. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.)

The recovery of attorney fees *on appeal*, as described in an often-cited treatise, is common: "Virtually all fee-shifting statutes, contractual fee provisions, and equitable doctrines authorize prevailing parties to recover reasonable attorney fees for appellate as well as trial court services." (2 Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 2025) § 12.1, p. 12-2.) This statement reflects the general rule that attorney fee statutes are interpreted to apply to attorney fees on appeal. (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 929.) This general rule applies unless the statute *specifically* provides

every case or authority relied upon by the parties, or express every ground for rejecting every contention advanced by the parties].)

otherwise. (*Ibid.*; accord, *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499 ["statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise"].) Section 1717 is not a statute that provides otherwise. (See *Brinderson-Newberg v. Pacific Erectors* (9th Cir. 1992) 971 F.2d 272, 283 [under the contract and § 1717, the prevailing plaintiff was entitled to recover attorney fees on contractual claim, including fees incurred on appeal].)

### B. <u>Authority to Award Attorney Fees</u>

John contends the trial court lacked authority under section 1717 to order an award of attorney fees incurred in the appeal. John argues the court's postjudgment subject matter jurisdiction was limited in scope, the court failed to make any required findings that the settlement agreement authorized the award, and the award was contrary to the principle that each party pay their own attorney fees.

John argues the general rule that the parties bear their own attorney fees applies because the exception to the general rule created by section 1717 does not apply here. He asserts the parties settled their claims pursuant to the settlement agreement outside of court and ended their claims without the trial court determining the matter. In John's view, these circumstances preclude the application of section 1717. We disagree.

The attorney fees provision in question is set forth in the last paragraph of the parties' 2010 settlement agreement, which states: "If either party is required to commence any proceeding or legal action or enforce or interpret any term, covenant or condition of this Settlement Agreement, the prevailing party in such proceeding or action shall be entitled to recover from the other party its reasonable attorney's fees and legal expenses." The terms of the settlement agreement were incorporated into the February 13, 2015 judgment.

For the reasons stated below, we conclude the attorney fees provision in the settlement agreement incorporated into the judgment is subject to section 1717 and that

10.

section authorized the trial court to award Maria the attorney fees she incurred in case No. F077486.  First, for purposes of section 1717, subdivision (a), the settlement agreement qualifies as a "contract" that "specifically provides that attorney's fees …, which are incurred to enforce that contract, shall be awarded … to the prevailing party." Second, the appeal in case No. F077486 was part of an "action on a contract" for purposes of section 1717, subdivision (a).  In other words, pursuant to the general rule described earlier, that statutory phrase encompasses both proceedings in a trial court and an appellate court.  (See pt. II.A., *ante*; 2 Pearl, Cal. Attorney Fee Awards*, supra*, § 12.1, p. 12-2.)

Our legal conclusion that a contractual attorney fees provision incorporated into a judgment remains subject to section 1717 is supported by *In re Tobacco Cases I* (2011) 193 Cal.App.4th 1591.  In that case, the People of the State of California and R.J. Reynolds Tobacco Company (Reynolds) entered into a master settlement agreement regarding the use of images in Reynolds's advertising campaigns.  (*Id.* at p. 1595.)  The settlement agreement resulted in the entry of a consent decree and final judgment.  (*Ibid.*) The consent decree and final judgment included an attorney fees provision covering proceedings addressing violations of its terms.  (*Id.* at p. 1598.)  The People brought a motion to enforce the consent decree's provisions banning the use of cartoons in advertisements, obtained declaratory relief relating to some images, and sought attorney fees under the attorney fees provision in the consent decree and final judgment.  The trial court determined the People were the prevailing parties entitled to attorney fees, "rejected Reynolds's argument the action was 'on a contract' for purposes of section 1717," and awarded the People approximately $700,000 in attorney fees.  (*Ibid.*)

On appeal, Reynolds argued the trial court erred in determining the People's efforts to enforce the consent decree and final judgment was not an action " 'on a contract' " for purposes of section 1717, subdivision (a).  (*In re Tobacco Cases I*, *supra*,

11.

193 Cal.App.4th at p. 1598.) The appellate court agreed, concluding the attorney fees provision in the consent decree and final judgment was subject to section 1717. (*In re Tobacco Cases I*, at p. 1600.) In other words, the fact the attorney fees provision was part of a judgment did not transform its contractual nature into something outside the scope of section 1717.

In this case, Maria's award was based on the attorney fees provision contained in the settlement agreement and incorporated into the February 2015 judgment. Thus, the underlying basis for the fee award was contractual. In our view, the February 13, 2015 judgment incorporating the parties' settlement agreement is analogous to the consent decree and final judgment entered in *In re Tobacco Cases I*. As a result, we conclude that the attorney fees provision in the February 13, 2015 judgment is governed by, and thus enforceable under, section 1717. (See *Share v. Casiano Bel-Air Homeowners Assn.* (1989) 215 Cal.App.3d 515, 524 [§ 1717 applied to an action on a consent judgment that contained an attorney fees clause].)

The fact the attorney fees provision is part of the judgment distinguishes this case from *Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540. There, the bank sought "an award of attorney fees on appeal on the ground that this appeal involves the enforcement of a money judgment based upon a contract providing for attorney fees. (Civ. Code, § 1717.)" (*Id*. at p. 557.) The appellate court rejected the request because neither section 1717 nor the statutes authorizing the recovery of attorney fees for enforcing judgments applied. Section 1717 did not apply because the judgment being enforced did not contain an attorney fees provision. Rather, that provision was in the note and guarantees upon which the judgment was based. (*Imperial Bank*, at p. 558.)

In sum, section 1717 applied to the attorney fees provision contained in the parties' settlement agreement and continues to apply to that provision even after it was

incorporated into the 2015 judgment. That attorney fees provision and section 1717 authorized the trial court to grant Maria's motion for attorney fees on appeal.

### C. Scope of the Attorney Fees Provision

Having addressed John's contentions regarding the applicability of section 1717, we next consider his argument about the proper interpretation of the attorney fees provision itself. John contends the 2010 settlement agreement does not authorize an award of the attorney fees Maria incurred in case No. F077486 because the attorney fees provision is narrowly worded and applies when a party is required to bring an action or proceeding to enforce or interpret the terms of the agreement. We interpret the attorney fees provision differently.

The provision in the 2010 settlement agreement covers attorney fees incurred in "any proceeding or legal action [to] enforce or interpret any term, covenant or condition of this Settlement Agreement." We conclude Maria's 2015 motion to enforce settlement and to recover attorney fees and costs qualifies as a proceeding to enforce the terms of the settlement agreement. Furthermore, we conclude the appeals in cases Nos. F071135 (judgment incorporating the settlement agreement affirmed) and F077486 (order awarding attorney fees incurred in case No. F071135 affirmed) are part of the "proceeding" Maria pursued to enforce the settlement agreement. In other words, Maria's 2015 motion to enforce the settlement is a "proceeding," and both appeals arise out of that proceeding.

This interpretation is not contradicted by the other text of the attorney fees provision or section 1717 because neither states that attorney fees incurred in an appeal are not recoverable. In sum, the contractual attorney fees provision incorporated into the judgment is broad enough to allow Maria to recover the attorney fees incurred in case No. F077486.

13.

**D.    This Action Has Not Been Dismissed Pursuant to a Settlement**

John again argues the trial court lacked authority under section 1717 to award Maria attorney fees because subdivision (b)(2) of the statute precludes an award in cases that are voluntarily dismissed pursuant to a settlement agreement.  Subdivision (b) of section 1717 provides in part:

> "(1)  The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment.  Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section.

> "(2)  Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

Initially, we consider what it means for an action to have been "dismissed" for purposes of section 1717, subdivision (b)(2).  The logical place to look is the provisions in the Code of Civil Procedure that address the dismissal of an action.  (See generally Code Civ. Proc., §§ 581 [basis for dismissal of an action], 581d [entry of court ordered dismissals].)  One way for an action to be dismissed is for the plaintiff or cross-complainant to file a mandatory Judicial Council form CIV-110 request for dismissal.  When this form is used, the clerk of court may enter a dismissal.  Another way for an action to be dismissed is the filing of a written order by the superior court.  (Code Civ. Proc., § 581d.)

John's argument that subdivision (b)(2) of section 1717 applies to this case must be rejected because no dismissal, either voluntarily or pursuant to a settlement, has been filed.  As the appellant, John has the burden of establishing the factual basis for his argument.  (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)  John has cited nothing in the record showing a dismissal was ever filed in this case.  Our independent review of the record found a February 3, 2012 entry in the register of actions stating the case was

14.

continued due to pending issues with funding for escrow and, once those issues were resolved, a dismissal would be filed and the case would come off calendar. We did not locate a later entry in the register of action showing a dismissal had been filed.

Consequently, John's argument fails because he has not established the facts upon which it is based—namely, the existence of a dismissal. In sum, because the litigation in Fresno County Superior Court case No. 09CECG00933 is ongoing, the "action" was not "dismissed" for purposes of section 1717, subdivision (b)(2).

## III. ORDER OF SATISFACTION OF THE FEE AWARD

John argued in his May 2022 motion to determine satisfaction of money judgments (in full or in part) that he had shown that Maria had in her possession, custody, or control money belonging to him in an amount no less than $26,165.40, which was sufficient to satisfy the $18,731 in attorney fee awards made in the February 13, 2015 judgment ($2,460), the March 7, 2018 order ($9,321), and the March 30, 2022 order ($6,950). The trial court denied this request because "the amounts that Maria may owe to [John] from the partnership and any expenses that may be owed [to John] are still in dispute," and John had cited no authority that would require Maria to apply the disputed amounts to the attorney fee awards.

We agree with the trial court's reasoning. A disputed claim such as John's that has not been finally determined in the litigation cannot be used as a setoff against an award set forth in a judgment or order. "A setoff 'occurs at the end of litigation.' [Citation.] Generally, 'a setoff procedure simply eliminates a superfluous exchange of money between the parties.' " (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 500.) John has cited no case law concluding, or statute requiring, that his *unresolved* claim be setoff against a liability contained in a final order. (See generally 16 Cal.Jur.3d (2020) Counterclaim and Setoff, §§ 1-5, pp. 339–344 [basic principles of setoff].) For example, the setoff requested by John is not required by

15.

section 666 of the Code of Civil Procedure because that procedure involves claims and demands that are "established," not those yet to be decided.

Consequently, we conclude the trial court did not err in denying John's request for an order declaring the attorney fee awards were satisfied.

## IV. STAY OF THE ORDERS AWARDING MARIA ATTORNEY FEES

As an alternative to an order determining the fee awards were satisfied, John's May 2022 motion requested a stay of enforcement of the three fee awards. John argued (1) the stay was necessary to comply with the February 6, 2020 order staying the entire action until the appeal in case No. F080399 was completed and (2) the automatic stay provision of Code of Civil Procedure section 916, subdivision (a) applied because he had perfected the appeal in case No. F080399.

On February 6, 2020, the trial court filed an "ORDER STAYING ENTIRE ACTION" that described the court's June 2019 order appointing a receiver to enforce the terms of the February 13, 2015 judgment, its December 2019 order following the receiver's first status report, and John's appeal of the December 2019 order (i.e., case No. F080399). The court determined there were a few terms in its June 2019 order that would not be stayed pursuant to Code of Civil Procedure section 916, subdivision (a) as a result of John's appeal of the December 2019 order. However, the court found it would not be economical or feasible to proceed with the enforcement of those few terms while the appeal was pending. Consequently, the court "exercise[d] its inherent discretionary powers to stay the entire action. This stay will be effective immediately on filing of this order and will continue until resolution of the appeal in Case No. F080399 .…"

The trial court's May 2022 order rejected John's argument that this stay applied to the award of attorney fees incurred in case No. F077486 because, even though the stay order referred to the "entire action," the order was intended to only stay enforcement of matters encompassed by case No. F080399.

16.

We conclude the issue of whether the February 6, 2020 stay order required the trial court to grant the stay requested in John's May 2022 motion is now moot. By its terms, the stay order was effective "until resolution of the appeal in Case No. F080399." Our decision in that appeal became final with the issuance of the remittitur in October 2023. As a result, it would be an empty act for this court to remand this matter to the trial court with directions to apply the now expired February 6, 2020 stay order to the attorney fee awards. Stated another way, the harm (i.e., enforcement of the attorney fee awards) would not "be redressable or capable of being rectified by the outcome [John] seeks" (i.e., application of the stay in the Feb. 6, 2020 order). (*In re D.P.* (2023) 14 Cal.5th 266, 276 [test for effective relief under California's mootness doctrine].)

Next, we consider John's argument that the automatic stay generated under Code of Civil Procedure section 916, subdivision (a) by his appeal in case No. F080399 applied to the attorney fee awards. The trial court rejected this argument, stating: "[I]t does not appear that [John] is entitled to a stay based on the pending appeal, as the attorney's fees orders at issue in the present motion would not affect the outcome of the appeal." We agree. Furthermore, because the remittitur has been issued in case No. F080399, the automatic stay generated by that appeal is no longer in effect and, therefore, would not apply if this matter were remanded. As a result, John's argument based on the automatic stay, like his earlier argument, is moot.

The last subject we address is the provision in the trial court's order directing John to pay the fee award "within 30 days of the date of service of this order." John's opening brief raised the subject by stating that one of the questions presented in his appeal was whether the trial court erred by awarding attorney fees to Maria for her prior appeal and requiring him to pay the award within 30 days of the issuance of the order. John characterizes the provision as imposing a payment deadline, but the provision also can be described as giving him a grace period. (See fn. 2, ante.) His opening brief challenges

the payment-within-30-days requirement on the ground it should have been stayed. The issuance of this opinion and our earlier opinion in case No. F080399 moots John's arguments about (1) his application for a stay order and (2) the operation of the automatic statutory stay (Code Civ. Proc., § 916, subd. (a)). Furthermore, because the 30-day period has expired, we need not address the 30-day provision further except to clarify that the order will be enforceable once remittitur is issued.

## DISPOSITION

The March 30, 2022 postjudgment order awarding attorney fees to Maria is affirmed. The May 26, 2022 postjudgment order denying John's motion for satisfaction of judgment or a stay of enforcement of money judgments pending the outcome of the appeal in case No. F080399 is affirmed.

John's motion for reconsideration filed on July 25, 2025, is denied.

Maria shall recover her costs on appeal.


                                                    DE SANTOS, J.

WE CONCUR:


LEVY, ACTING P. J.


DETJEN, J.

18.